IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITNY KEYES, on behalf of herself and all persons similarly situated,<br><br>        Plaintiff,<br>v.<br><br>G.E.C. Restaurant Management & Design, LLC, d/b/a Green Eggs Café; and Green Eggs Café 1306, Inc., d/b/a Green Eggs Café,<br><br>        Defendants. | Civil Action No.:<br><br>Jury Trial Demanded |

## COMPLAINT - COLLECTIVE ACTION

Plaintiff Britny Keyes ("Keyes"), by and through her undersigned counsel, on behalf of herself and all persons similarly situated, hereby files this Collective Action Complaint against Defendant G.E.C. Restaurant Management & Design, LLC, d/b/a Green Eggs Café and Defendant Green Eggs Café 1306, Inc., d/b/a Green Eggs Café (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this District, Defendants conduct business in this District, and Defendants are headquartered in this District.

### PARTIES

3. Plaintiff Britny Keyes ("Keyes") is an individual currently residing in Philadelphia,

Pennsylvania. She was employed by Defendants in North Wildwood, New Jersey as a server from on or about May 2017 through on or about August 2017, and, pursuant to 29 U.S.C. § 216(b) has consented in writing to being a Plaintiff in this action. *See* Ex. A.

4.  Defendant G.E.C. Restaurant Management & Design, LLC ("GEC"), d/b/a Green Eggs Café is a Pennsylvania limited liability company headquartered in Philadelphia, Pennsylvania, and operating in Philadelphia, Pennsylvania, New Jersey and Florida.

5.  Defendant Green Eggs Café 1306, Inc. ("1306" and together with GEC, "Green Eggs Café" or "Defendants"), d/b/a Green Eggs Café is a Pennsylvania limited liability company headquartered in Philadelphia, Pennsylvania, and operating in Philadelphia, Pennsylvania, New Jersey and Florida.

6.  Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7.  Defendants' annual gross volume of business exceeds $500,000.

## CLASS DEFINITIONS

8.  Plaintiff Keyes brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following class of potential opt-in litigants:

> All current or former servers employed by GEC Restaurant Management & Design, Inc. ("GEC") or Green Eggs Café 1306, Inc. ("1306") who performed work at any restaurant in Pennsylvania or New Jersey during the last three years (the "FLSA Class").

9.  Plaintiff Keyes reserves the right to redefine the FLSA Class and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

10. Green Eggs Café operates three restaurants in Philadelphia, Pennsylvania and one restaurant near Miami, Florida.

11. From approximately May 2017 through approximately September 2017, Green Eggs Café also operated a restaurant business out of Keenan's Irish Pub ("Keenan's") in North Wildwood, New Jersey.

12. Green Eggs Café employed Plaintiff Keyes and the FLSA Class as servers in Philadelphia and/or North Wildwood.

13. During the past three years, at any given time, Green Eggs Café employed approximately 45-60 servers at its Philadelphia restaurants.

14. From approximately May 2017 through approximately August 2017 Plaintiff Keyes was employed by Defendants as a server out of the Keenan's location. During this time period, Defendants employed approximately 25 servers out of the Keenan's location.

15. Servers are primarily responsible for taking customer food and drink orders, serving food and drink and otherwise waiting on customers at restaurant tables.

16. Green Eggs Café also employed "runners," busboys, and baristas at its Philadelphia restaurants and at Keenan's.

17. Plaintiff Keyes typically worked a range of approximately 12 - 24 hours per week.

### Method of Customer Payment and Server Compensation

18. Green Eggs Café is an all-cash business. Customers pay their bills and gratuities only via cash.

19. Defendants never provided Plaintiff Keyes a paycheck, paystub, or any other accounting of wages and tips earned.

20.     Plaintiff Keyes would be compensated as follows: Plaintiff Keyes would collect all cash from her customers (comprising customer bill amounts plus tips) during her shift. At the end of her shift, Plaintiff Keyes would show her manager Brian Pizzi ("Pizzi") how much cash she collected. Pizzi worked off of an Excel spreadsheet on his laptop computer (not visible to Plaintiff Keyes) and verbally told Plaintiff Keyes how much Defendants were owed in customer bills, as well as what amount of Plaintiff Keyes' tips would be shared with "runners," busboys and baristas. Pizzi required Plaintiff Keyes to provide each of these amounts to him in cash at the end of each shift. Plaintiff Keyes would retain the remainder of the cash as her compensation.

21.     Defendants failed to pay Plaintiff Keyes or the FLSA Class <u>any</u> "wage" within the meaning of 29 U.S.C. § 203(m), much less the minimum wage required by 29 U.S.C. § 206, or even the sub-minimum wage allowed under Section 203(m) under limited circumstances. Rather, Plaintiff Keyes was compensated <u>solely</u> from customer tips when she was employed as a server by Defendants.

22.     The customer tips were at all times the property of Plaintiff Keyes and the FLSA Class, and were not the property of Defendants. *See* 29 C.F.R. § 531.52 ("Tips are the property of the employee whether or not the employer has taken a tip credit under Section 3(m) of the FLSA").

### Unavailability of a Tip Credit

23.     Under limited circumstances, an employer is permitted to pay its tipped employees a sub-minimum wage of $2.13 per hour worked and claim the employees' tips as a credit towards the remainder of the minimum wage, where the tipped employee receives tips sufficient to cover the remaining $5.12 towards the minimum wage ($7.25 minus $2.13) and any tips are retained by the employee or pooled with other employees who may validly be included in a tip pool. 29 U.S.C. § 203(m).

24. Employers may only include in a tip pool those employees who "customarily and regularly receive tips." 29 U.S.C. § 203(m); 29 C.F.R. § 531.54. In a restaurant setting, tipped employees must have regular customer interaction.

25. On a typical workday, two employees who were designated as "runners" worked out of each of Defendants' restaurants.

26. In industry parlance, runners generally assist waiters and waitresses in running food from the kitchen to customer tables. Runners have customer interaction because they step in when servers are unavailable.

27. However, one of the two "runners" utilized by Defendants at each of their restaurants was in fact an expediter – that is, an employee who worked almost entirely out of the kitchen area and thus had little to no customer interaction.

28. Expediters, such as those employed by Defendants, predominately work in a restaurant kitchen, arranging customer dishes and performing other food preparatory duties.

29. Because expediters generally have little to no customer interaction, they are not the types of employees who may validly share in a tip pool. *See, e.g., Ford v. Lehigh Valley Rest. Grp., Inc.*, No. 3:14CV227, 2014 WL 3385128 (M.D. Pa. July 9, 2014).

30. Defendants' practice of including expediters in server tip pools was carried out at all Philadelphia locations, as well as at Keenan's and thus applied to the entire FLSA Class.

31. Furthermore, "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act." 29 C.F.R. § 531.59(b). (Emphasis added).

32. Defendants did not inform Plaintiff Keyes or the FLSA Class in advance as to the nature of any tip credit that Defendants took towards their minimum wage obligations.

33. Where, as here, an employer utilizes a tip-pooling arrangement, it "must notify its employees of any required tip pool <u>contribution amount,</u> may only take a tip credit for the amount of tips each employee ultimately receives, and may not retain any of the employees' tips for any other purpose." 29 C.F.R. § 531.54. (Emphasis added).

34. Defendants did not inform Plaintiff Keyes or the FLSA Class in advance as to what amount of tips would be contributed to runners, expediters, busboys, baristas, or other employees.

35. Plaintiff Keyes frequently questioned Pizzi about how he calculated the amount of cash that she was allowed to retain at the end of her shifts. Pizzi never provided Plaintiff Keyes an answer, and instead willfully refused to explain to her Defendants' wage and tip compensation system or provide Plaintiff Keyes any accounting of her compensation.

36. Without prior notice to Plaintiff Keyes, Pizzi several times changed the bases by which he would calculate tip pooling contributions to runners, busboys, and baristas.

37. Other servers similarly complained to their respective managers about the calculation of their wages, without response by Defendants.

38. Even if Defendants compensated Plaintiff Keyes with wages of at least $2.13/hour, which they did not, Defendants would be ineligible to benefit from the tip credit under 29 U.S.C. § 203(m) because they did not notify Plaintiff Keyes about required tip pool contribution amounts and because expediters were invalidly included in the tip pool.

39. Defendants' wage practices described herein at Keenan's were substantially similar at its Philadelphia restaurants.

40. Defendants do not maintain accurate records of the actual hours that Plaintiff Keyes and FLSA Class Members worked each workday and the total hours worked each workweek as required by the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5(a), 516.6(a)(1).

41. Defendants knew or should have known that Plaintiff Keyes and FLSA Class Members were not exempt from the FLSA's minimum wage requirements.

42. Defendants are sophisticated multi-state businesses with access to knowledgeable human resource specialists and competent labor counsel.

43. Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to pay Plaintiff Keyes and the FLSA Class at least the minimum wage mandated by 29 U.S.C. § 206.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff Keyes brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

45. Plaintiff Keyes desires to pursue her FLSA claims on behalf of herself and any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

46. Plaintiff Keyes and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as servers pursuant to Defendants' previously described common pay practices and, as a result of those practices, were not paid the full minimum wage required by 29 U.S.C. § 206. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

47. Specifically, Defendants failed to pay Plaintiff Keyes and the FLSA Class the minimum wage mandated by 29 U.S.C. § 206 and instead illegally counted Plaintiff Keyes and the FLSA Class' tips against Defendants' minimum wage obligations.

48. As described above, Defendants also failed to comply with federal tip credit rules found at 29 U.S.C. § 203(m).

49.     The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' business and human resource records.

50.     Defendants employ many FLSA Class Members. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

### COUNT I
### Violations of the Fair Labor Standards Act
### (On Behalf of the FLSA Class)

51.     All previous paragraphs are incorporated as though fully set forth herein.

52.     The FLSA requires that covered employees be compensated for all hours worked at a rate of not less than $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

53.     GEC is subject to the wage requirements of the FLSA because GEC is an "employer" under 29 U.S.C. § 203(d).

54.     During all relevant times, GEC was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55.     1306 is subject to the wage requirements of the FLSA because 1306 is an "employer" under 29 U.S.C. § 203(d).

56.     At all relevant times, 1306 is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.     During all relevant times, Plaintiff Keyes and the FLSA Class were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

58.     Plaintiff Keyes and the FLSA Class are not exempt from the requirements of the

FLSA. Plaintiff Keyes and the FLSA Class are entitled to be paid at least $7.25 for each hour worked pursuant to 29 U.S.C. § 206(a)(1).

59. Defendants' compensation scheme applicable to Plaintiff Keyes and the FLSA Class failed to comply with either 29 U.S.C. § 206(a)(1) or 29 U.S.C. § 203(m).

60. Defendants knowingly failed to compensate Plaintiff Keyes and the FLSA Class at a rate of at least $7.25 per hour worked, in violation of 29 U.S.C. § 206(a)(1) and 29 U.S.C. § 203(m).

61. Defendants also failed to make, keep, and preserve records with respect to Plaintiff Keyes and the FLSA Class sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5(a), 516.6(a)(1).

62. In violating the FLSA, Defendants, individually and collectively, acted willfully and with reckless disregard of clearly applicable FLSA provisions.

63. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Keyes seeks the following relief on behalf of herself and all others similarly situated:

    a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

    c. Unpaid minimum wages and prejudgment interest to the fullest extent permitted under the law;

    d. Liquidated damages to the fullest extent permitted under the law;

    e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    f. Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all issues of fact.

Dated:  March 14, 2018

Respectfully Submitted,

JENNINGS SIGMOND, P.C.

by: *James E. Goodley*
James E. Goodley (PA 315331)
Marc L. Gelman (PA 78857)
Maureen W. Marra (PA 309865)
Daniel Keenan (PA 323049)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 351-0613
Facsimile: (215) 922-3524
jgoodley@jslex.com

*Attorneys for Plaintiff and the FLSA Class*